UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>                    Plaintiffs,<br><br>   v.<br><br>ESTATE OF MIRIAM CARTER DESHLER, LORD & CARTER TRUST & TRUSTEE SERVICES, REBECCA HARRIS, and KRISTIN HUMPHREY,<br><br>                    Defendants. | NO: 2:18-CV-0312-TOR<br><br>ORDER GRANTING REQUESTED STIPULATION |

    BEFORE THE COURT is Plaintiff John Gabor and Kay Gabor's Motion to for a Temporary Restraining Order and Preliminary Injunction (ECF No. 131) and corresponding Motion to Expedite (ECF No. 132), along with the Parties' Stipulation and Proposed Order (ECF No. 133). These matters were submitted without a request for oral argument. The Court – having reviewed the record and completed briefing – is fully informed.

ORDER GRANTING REQUESTED STIPULATION ~ 1

On June 21, 2019, Plaintiffs requested the Court enter a temporary restraining order and preliminary injunction preventing Defendants from moving or spending funds traced to the Blue Mountain Trust. ECF No. 131. The Parties have since come to an agreement on the matter and request the Court enter an Order incorporating the terms of their stipulation. ECF No. 133 at 2. For good cause shown, the request for an Order incorporating the terms of the stipulation (ECF No. 133) is **granted**. The remaining motions (ECF Nos. 131; 132) are **denied as moot**.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff John Gabor and Kay Gabor's Motion to for a Temporary Restraining Order and Preliminary Injunction (ECF No. 131) and Motion to Expedite (ECF No. 132) are **DENIED AS MOOT**.

2. The Parties' Request to Approve Stipulation (ECF No. 133) is **GRANTED**. It is Ordered that:

    a. Defendants Kristin Humphrey and Rebecca Harris will not withdraw, spend, transfer or otherwise dissipate any assets removed from, or traceable to, the Blue Mountain Trust (e.g. funds removed from the trust, or funds received from assets purchased with funds from the trust) except to pay the normal and regular costs and expenses necessary for the adequate management of the property held by the trusts they oversee (such as maintenance and taxes) and to pay Ms.

Harris her customary management fee of $250 per month (which is a total amount for the management of all the trusts) until the date that judgment is entered in this action;

    b. Defendants Kristin Humphrey and Rebecca Harris will not withdraw, spend, transfer or otherwise dissipate any assets held in the Home Sanctuary Trust; Leprechaun Trust; Nebraska Hotel Trust; Paul Revere Financial Group Trust; Perry Street Trust; Black Bear Storage Trust; Buckeye Property Trust; Chelan Trust; Hammer Lok Trust; Newell Trust; Marathon Agency; Costello Company; Orion Trust; Marathon Trust; and Castle Guard Trust except to pay the normal and regular costs and expenses necessary for the adequate management of the property held by the trusts they oversee (such as maintenance and taxes) and to pay Ms. Harris her customary management fee of $250 per month (which is a total amount for the management of all the trusts) until the date that judgment is entered in this action; and

    c. Defendants Harris and Humphrey agree to promptly provide to Plaintiffs as they become available monthly bank statements and receipts for all expenditures for the Home Sanctuary Trust; Leprechaun Trust; Nebraska Hotel Trust; Paul Revere Financial Group Trust; Perry Street Trust; Black Bear Storage Trust; Buckeye

Property Trust; Chelan Trust; Hammer Lok Trust; Newell Trust; Marathon Agency; Costello Company; Orion Trust; Marathon Trust; and Castle Guard Trust until the date that judgment is entered in this action.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED July 1, 2019.



THOMAS O. RICE
Chief United States District Judge