UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>Plaintiffs,<br><br>v.<br><br>REBECCA HARRIS, and KRISTIN HUMPHREY,<br><br>Defendants. | NO: 2:18-CV-0312-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER |

BEFORE THE COURT is Defendants Rebecca Harris and Kristin Humphrey's Motion for Reconsideration. ECF No. 171. Plaintiffs oppose the motion. ECF No. 172.

Essentially, Defendants seek to have the Court enter partial judgment so the Court's order is appealable, or in the alternative modify the order to require Plaintiffs' counsel to hold all funds transferred from trust accounts and all proceeds from the sale of any trust asset in counsel's trust account pending final resolution of all remaining claims. ECF No. 171.

ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER ~ 1

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments [. . .], a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted). The district court evaluates "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 10. "[O]nce such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Id.* (citation omitted).

Rule 54(b) has a proper place. The Rule was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case. . . . The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal brackets omitted, citing *Gelboim v. Bank of Am. Corp.*, 135 S.Ct. 897, 902–03 (2015)). The Ninth Circuit first asks "whether the certified order is

sufficiently divisible from the other claims such that the "case would [not] inevitably come back to this court on the same set of facts." *Id*. (citation omitted). The equitable analysis ordinarily "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id*. (citation omitted). Finally, the appeal must meet the "no just reason for delay" prong of Rule 54(b). *Id*. at 630. An appeal should not be certified if interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems.

The remaining dispute before the Court is simple: Defendants have conceded that the Gabors are entitled to the remaining funds and assets withdrawn from the Blue Mountain Trust; counsel for Defendants further represented to the Court that Harris and Humphrey have offered to make the Gabors the trustees for the related trusts in order to transfer the assets to the Gabors. However, Defendants argue they should not be held liable for any deficiency in value, *if any*, but the Gabors disagree.

The Blue Mountain Trust is invalid and the Court has so ruled. The Trust no longer exists. Without submission of any countervailing expert evidence, Counsel for Defendants disagreed with this ruling, but conceded the Gabors were entitled to the money deposited in the Blue Mountain Trust, nevertheless.

Defendants' request for a partial judgment would result in piecemeal appeals and cause unwarranted additional delay. Accordingly, both the legal and equitable considerations weigh against piecemeal resolution of the claims involved here.

The Court takes notice that Plaintiffs complain that the Defendants are already in violation of the Court's Order, ECF No. 170.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants Rebecca Harris and Kristin Humphrey's Motion for Reconsideration, ECF No. 171, is **DENIED**.

2. Plaintiffs shall comply with the Court's Order at ECF No. 170 or suffer consequences for such violation.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED October 17, 2019.



THOMAS O. RICE
Chief United States District Judge