UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>                    Plaintiffs,<br><br>      v.<br><br>REBECCA HARRIS and KRISTIN HUMPHREY,<br><br>                    Defendants. | NO. 2:18-CV-0312-TOR<br><br>ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Renewed Motion for Partial Summary Judgment (ECF No. 201). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Renewed Motion for Partial Summary Judgment (ECF No. 201) is granted.

## BACKGROUND

This case involves 1.3 million dollars Plaintiffs John and Kay Gabor invested in an invalid trust.

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

On October 3, 2019, the Court granted in part Plaintiff's motion for partial summary judgment, finding Defendants liable on the conversion and unjust enrichment claims and invoked its equitable, remedial powers to return Plaintiffs' property. ECF No. 170 at 6-7. The Court based the findings in part on Defendants' concession that the assets belonged to Plaintiffs, and Defendants asserted their willingness to transfer the assets to Plaintiffs. *Id.*; ECF No. 170 at 7, ¶ 13. The Court created a constructive trust in favor of Plaintiffs to include all assets traceable to the funds from the Blue Mountain Trust.[1] ECF No. 170 at 9. The parties were directed to provide an accounting of the actual deficiency once the assets traceable to the Blue Mountain Trust were transferred and properly disposed of, including any payments already made to Plaintiffs. *Id.* at 8.

The extensive factual background is set forth in the Court's previous orders. ECF Nos. 127, 170. The following facts are not disputed, except where noted, and address the facts relevant to Plaintiffs' alleged deficiency.[2]

---

[1] Although the "Blue Mountain Trust" is not a valid trust, the Court will refer to it by its name.

[2] The Court strikes Defendants' evidence regarding settlement/negotiation discussions as inadmissible and irrelevant. Fed. R. Evid. 408.

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1       Prior to August 2, 2012, Plaintiffs received $205,000 from Ms. Deshler as memorialized in her August 2, 2012 letter. ECF No. 206 at 10-11, ¶ 15. On August 3, 2012, Plaintiffs received a check for $10,000, reflecting a partial repayment on the amount owed of $1,323,626.79 to the Blue Mountain Trust. ECF No. 201-1 at 2, ¶ 1.

      Following Ms. Deshler's death in September 2012, Ms. Harris states that "[i]n December 2012, Kay Gabor called me and told me to stop sending the $4,000.00 checks that I had been sending her pursuant to Deshler's instructions." ECF No. 170 at 8, ¶ 16; ECF No. 206 at 11, ¶ 16.

      Between March 2016 and June 2019, Defendants withdrew $208,651.96 from the Home Sanctuary Trust, which was funded by the Blue Mountain Trust, to pay for legal fees arising out of Plaintiffs' lawsuit. ECF No. 201-1 at 2, 4 ¶¶ 3, 9.

      Following the Court's October 3, 2019 order, Defendants transferred four properties to Plaintiffs that were purchased with funds traceable to the Blue Mountain Trust. ECF No. 201-1 at 3, ¶ 4. Plaintiffs sold these properties and netted $1,034,004.58 from the sales. *Id.* In addition to these sales, Plaintiffs recovered $108,582.89 that was loaned to a third-party using Blue Mountain Trust funds. ECF No. 201-1 at 3, ¶ 5. Plaintiffs also received $21,376.45 in cashier's checks from Defendants. *Id.* In all, Plaintiffs recovered $1,173,963.92 of the

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

$1,323,626.79 that was owed to the Blue Mountain Trust as of August 2, 2012. ECF No. 201-1 at 3, ¶ 6.

## DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational

inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. Disputed Deficiency

Plaintiffs contend there is a $149,662.87 deficiency they are entitled to recover. ECF 201 at 12- 13. Defendants assert there is no deficiency. ECF No. 202 at 7-10.

Plaintiffs' first motion for partial summary judgment sought the return of $1,323,626.79, the amount Ms. Deshler admitted she owed to the Blue Mountain Trust in August 2012. ECF No. 201 at 13. The Court granted Plaintiffs' motion in part, and created a constructive trust in favor of Plaintiffs to include all assets traceable to the funds from the Blue Mountain Trust. ECF No. 170 at 9. Since then, Plaintiffs recouped most, but not all, of the amount sought. First, Plaintiffs recouped $1,034,004.58 from the sale of the properties purchased with funds traceable to the Blue Mountain Trust. ECF No. 201-1 at 3, ¶ 4. Second, Plaintiffs recovered $108,582.89 that was loaned to a third-party from the Trust. ECF No. 201-1 at 3, ¶ 5. Third, Plaintiffs received $21,376.45 in cashier's checks from Defendants. *Id*. Fourth, Plaintiffs received $10,000 from Ms. Deshler on August

3, 2012. ECF No. 201-1 at 2, ¶ 1. In all, Plaintiffs have recovered $1,173,963.92 of the $1,323,626.79 owed. ECF No. 201-1 at 3, ¶ 6. Defendants do not dispute these amounts.

However, Defendants assert there is no remaining deficiency because Plaintiffs received $205,000 from Ms. Deshler and that an unknown amount of monthly checks in the amount of $4,000 were made to Plaintiffs. ECF No. 202 at 7-10. While Defendants assert the $205,000 amount from Ms. Deshler should be included in the Court's estimate of the current deficiency, it is undisputed that the $205,000 was paid to the original sum owed of $1,578,626.79. ECF No. 135-10 at 2. The remaining amount of $1,323,626.79 was owed after the $205,000 payment was returned. *Id.* Thus, the $205,000 does not count towards the remaining deficiency.

Additionally, Defendants assert the deficiency does not account for an unknown amount of alleged $4,000 payments made to Plaintiffs. ECF No. 170 at 8 (citing ECF No. 138 at 4, ¶ 11). The only evidence cited is the declaration of Rebecca Harris stating "[i]n December 2012, Kay Gabor called me and told me to stop sending the $4,000.00 checks that I had been sending her pursuant to Deshler's instructions." ECF No. 140 at 3, ¶ 5; *see also* ECF 135-10 at 4 (August 2012 letter suggesting a plan to pay $4,000 per month). Defendants offer no evidence that these alleged checks were issued outside of Harris's own declaration,

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

including any evidence regarding how many checks were sent, the actual amount of any checks, nor whether any checks were cashed. ECF No. 206 at 11, ¶ 11. Defendants fails to create a genuine issue of material fact as to the remaining amount owed.

Therefore, the Court finds there remains a deficiency in the amount of $149,662.87.

### C. Constructive Trust

Plaintiffs move for summary judgment on the grounds that they are entitled to the deficiency for traceable legal fees and costs, elder abuse, and as a matter of equity. *See* ECF No. 201. Defendants oppose all of these grounds to recoup the deficiency. *See* ECF No. 202.

Here, the Court already granted summary judgment in favor of Plaintiffs on the conversion and unjust enrichment claims, and invoked equitable, remedial powers to return Plaintiffs' property by creating a constructive trust. ECF No. 170 at 6-7, 9 (citing Restatement (First) of Restitution § 160 (1937); Constructive Trust, Litigating Business and Commercial Tort Cases § 7:16). Sitting in equity, the Court "may fashion broad remedies to do substantial justice to the parties and put an end to litigation." *Hough v. Stockbridge*, 150 Wash. 2d 234, 236 (2003) (internal citation and quotation marks omitted). A deficiency judgment will make

Plaintiffs whole as it is the remaining amount that was taken and kept from Plaintiffs by Ms. Deshler and Defendants as of 2012.

Plaintiffs alternatively seek to recoup the remaining deficiency on the grounds that the amount is traceable to the misuse of legal fees defending this action. ECF No. 201 at 16-18. Defendants assert that they were entitled to use trust assets to defend the legal action. ECF No. 202 at 10-13.

It is undisputed that Defendants withdrew $208,651.96 from the Home Sanctuary Trust, which was funded by the Blue Mountain Trust, to use as legal fees associated with Plaintiffs' action. ECF No. 201-1 at 2, ¶ 3. Plaintiffs request that Defendants be ordered to pay the full legal fees, or at least up to the amount of the deficiency. ECF No. 201 at 18. Defendants assert they were entitled to use trust assets to defend any lawsuits against them in their capacities as trustees and/or personally for actions taken on behalf of the trusts. ECF No. 202 at 11. Generally, trusts bear the costs of administration of the trust, including expenses of necessary litigation. *Allard v. Pac. Nat'l Bank*, 99 Wash. 2d 394, 408 (1983).[3] However,

---

[3] The parties do not engage in a choice of law analysis but recognize that Washington and California law are the same. ECF No. 202 at 11; ECF No. 205 at 8-9. The Court applies the law of this forum where there is no dispute the trusts

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

where litigation is necessitated by the inexcusable conduct of the fiduciary, the fiduciary individually must pay those expenses. *Id.*

The Court finds the legal fees are directly traceable to the Blue Mountain Trust and that Defendants were not entitled to draw the funds on the grounds that the present litigation is necessitated by their inexcusable conduct where the Court already found them liable for conversion and unjust enrichment. The Court notes that attorney fees are in excess of the remaining deficiency but Defendants are nonetheless independently liable to pay those expenses individually. *Allard*, 99 Wash. 2d at 408.

Therefore, as a matter of equity, the Court orders Defendants to pay the deficiency of $149,662.87. Based on this finding, the Court declines to address Plaintiffs' other bases to recover the deficiency.

As a final note, in their opposition, Defendants ask the Court to dismiss "all remaining claims against Harris and Humphrey" on the grounds that Plaintiffs have been made whole as a result of the transfer of trust assets. ECF No. 202 at 19. While the Court finds to the contrary, Plaintiffs moved only for partial summary judgment and there remains numerous claims against Defendants that make

---

were formed and are domiciled in Washington, provide Washington law governs, and the trustees are residents of Washington. RCW 11.98.005(1)(A).

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

dismissal of all claims unwarranted even where Plaintiff is made whole from the deficiency.  *See* ECF No. 99.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Renewed Motion for Partial Summary Judgment (ECF No. 201) is **GRANTED**.

2. Defendants, Rebecca Harris and Kristin Humphrey, jointly and severally, are **ORDERED** to pay the deficiency in the amount of $149,662.87 to Plaintiffs, John Gabor and Kay Gabor.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 3, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10