UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>           Plaintiffs,<br><br>     v.<br><br>REBECCA HARRIS, and KRISTIN HUMPHREY,<br><br>           Defendants. | NO. 2:18-CV-0312-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendants' Motion for Reconsideration (ECF No. 208). This matter was submitted for consideration without oral argument. Plaintiffs filed an Opposition to Defendants' Motion for Reconsideration. ECF No. 209. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion for Reconsideration (ECF No. 208) is **DENIED**.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 1

## BACKGROUND

Defendants seek reconsideration of the Court's Order granting Plaintiffs a deficiency judgment of $149,662.87, ECF No. 207, "on the grounds that it is based upon a misapprehension of the facts and evidence as well as a misapprehension of applicable law." ECF No. 208 at 3.

## DISCUSSION

Defendants cite no authority for which they seek reconsideration. Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 2

reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).  While the district court possesses inherent power to reconsider and amend previous interlocutory orders, *Martin*, supra, like other motions to reconsider, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources.  Indeed, courts frequently apply the same standard as that applicable to Rule 59(e) motions.  See *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

Moreover, as cautioned in this Court's December 20, 2018 Jury Trial Scheduling Order, "Motions to Reconsider are disfavored" and "must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier."  ECF No. 121 at 7.

Defendants have not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly unjust.

Defendants conveniently claim now that the $1,578,626.79 is not the amount owed to Plaintiffs from the Blue Mountain Trust.  They claim that Plaintiffs only invested $1.3 million and that is all they are entitled to receive.  However, Defendants previously conceded that Deshler continued to acknowledge that the

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 3

1   assets purchased with Trust funds belonged to the Plaintiffs.  ECF No. 202 at 3.
2   Defendants expressly "acknowledged even after Deshler's death that the Gabors
3   were the real intended beneficiaries and that the trust assets ultimately belonged to
4   them." *Id*. at 17-18.
5       Significantly and most importantly, Defendants have never disputed that
6   Deshler told the Plaintiffs that she owed them $1,323,626.79 as of August 2012
7   (after subtracting the payment of $205,000 in cashier's checks delivered to the
8   Gabors in 2012).  This was the remaining amount owed, this was the amount
9   Defendants controlled in the subsequent trusts, bank accounts and investments.
10  This is the amount Defendants wrongfully held.  *See* ECF No. 170 at 7 ("there is
11  no dispute that Defendants are in control of assets that do not belong to them,
12  continue to reap fees for managing those assets, and have not transferred those
13  assets back to the rightful owners.  Accordingly, partial summary judgment is
14  granted to Plaintiffs on this claim and the equitable, remedial powers of the court
15  are invoked to return the property.").  This is the amount Defendants never
16  returned to Plaintiff and for which this Court ordered to be returned.
17      Defendants contend that they were entitled to use the Plaintiffs' property for
18  which they claimed no interest or right to, in order to pay attorney fees for
19  litigation with the Plaintiffs.  The Court conclusively finds otherwise.  Defendants
20  spent $208,651.96 in legal fees, but the Court imposed a deficiency of only

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 4

$149,662.87 in order to make Plaintiffs whole and return what was rightfully theirs. The conversion and unjust enrichment that Defendants effectuated does not grant them a right to tap into those converted funds to finance their litigation.

Finally, Defendants complain that the Court struck the evidence provided by Paul Calabro concerning settlement negotiations. Whether the Court considers that evidence or not, the result remains the same.

Thus, Defendants have not provided any grounds upon which the Court can grant their motion. No legal or evidentiary mistake has been made.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion for Reconsideration (ECF No. 208) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** December 13, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 5