UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>Plaintiffs,<br><br>v.<br><br>REBECCA HARRIS and KRISTIN HUMPHREY,<br><br>Defendants. | NO. 2:18-CV-0312-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS CERTAIN CLAIMS AND FOR PREJUDGMENT INTEREST |

BEFORE THE COURT are Plaintiff's Motion to Dismiss Counts I-VIII of the First Amended Complaint (ECF No. 211) and Plaintiffs' Motion for Prejudgment Interest (ECF No. 212). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiffs' Motion to Dismiss Counts I-VIII of the First Amended Complaint (ECF No. 211) is granted and Plaintiffs' Motion for Prejudgment Interest (ECF No. 212) is granted.

ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS CERTAIN CLAIMS AND FOR PREJUDGMENT INTEREST ~ 1

## BACKGROUND

On December 2, 2021, the Court's granted Plaintiffs a deficiency judgment in the amount of $149,662.87. ECF No. 207. Plaintiffs now seek prejudgment interest in the amount of $1,152,491.64, dismissal of the remaining claims in the first amended complaint, and entry of a final judgment. ECF Nos. 211-212. Defendants oppose any award of prejudgment interest and Plaintiffs' voluntary dismissal. ECF No. 213, 216.

## DISCUSSION

### I. Motion for Prejudgment Interest

Federal courts apply state law in diversity cases to determine the rate of prejudgment interest awardable to the prevailing plaintiff. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 415 F.3d 949, 961 (9th Cir. 2008). Under Washington law, an award of prejudgment interest is authorized when the amount due on the judgment is liquidated or is otherwise "determinable by computation with reference to a fixed standard." *Prier v. Refrigeration Eng'g Co.*, 74 Wash. 2d 25, 32 (1968). A claim is considered liquidated when the fact finder does not need to exercise any discretion in determining the measure of damages. *Egerer v. CSR W., LLC*, 116 Wash. App. 645, 653 (2003).

The theory behind prejudgment interest is that a party "who retains money which he ought to pay to another should be charged interest upon it." *Prier*, 74

Wash. 2d at 34. As a result, prejudgment interest accrues from the date of default or breach at issue. *Id.* In the absence of an agreed upon rate, the default statutory interest rate for prejudgment interest is twelve percent (12%) per annum. RCW 19.52.010(1).

Plaintiffs seek prejudgment interest at the rate of 12% per annum pursuant to RCW 19.52.010. ECF No. 212 at 6. In opposing prejudgment interest, Defendants merely restate substantive factual arguments on the underlying claims and argue that the amount owed was unliquidated because the Court must use discretion to interpret Ms. Deshler's letter regarding the amount owed and use discretion for the valuation of the real property in 2012.[1] ECF No. 213 at 6-11. Both arguments are without merit.

Defendants have come forward with no evidence or sworn testimony that creates an issue of material fact. Indeed, while Defendants claim they could not pay Plaintiffs because of certain liens on properties, the Court takes judicial notice that Defendants have continually refused to pay Plaintiffs the money owed. *See e.g.*, ECF Nos. 117 (Defendants' Answer to Amended Complaint seeking dismissal of Plaintiffs' claims and that Plaintiffs take nothing thereby), 164 (Defendants'

---

[1] Defendants appear to confuse "liquidated damages" with "liquid assets." ECF No. 214 at 3.

ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS CERTAIN CLAIMS AND FOR PREJUDGMENT INTEREST ~ 3

1  Trial Brief claiming that none of the assets should be returned to the Plaintiffs),

2  and 179 (refusing to transfer assets to Plaintiffs despite Court order to do so).

3        The Court already found Defendants failed to create a genuine issue of

4  material fact regarding the amount owed to Plaintiffs.  ECF No. 2017 at 6-7.  The

5  Court found the Plaintiffs were owed a total of $1,323,626.79, where a

6  $149,662.87 deficiency remained after Plaintiffs recouped $1,173,963.92

7  following the sale of all traceable assets.  *Id.*  The amount ($1,323,626.79) is a sum

8  certain because the Court need not exercise discretion to calculate this amount.

9  ECF No. 135-10.[2]  As a result, the amount is liquidated and subject to an award of

10 prejudgment interest.

11       The Court applies the statutory rate of 12% in the absence of an agreement

12 to the contrary.  RCW 19.52.010(1).  Using the most conservative estimate that

13 Defendants do not challenge, Plaintiffs assert the date of default or breach occurred

14 on September 30, 2012, the date Defendants came into the sole, unjustified

15 possession of Plaintiffs' assets following Ms. Deshler's death.  ECF No. 212 at 7.

16 Plaintiffs seek interest on the amount of $1,173,963.92 (the amount recovered from

17 the sale of traceable assets) from September 30, 2012 through October 3, 2019, the

---

[2] Defendants did not submit evidence contradicting Ms. Deshler's admission of the total amount owed to Plaintiffs.

ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS CERTAIN CLAIMS AND FOR PREJUDGMENT INTEREST ~ 4

1  date the Court ordered the return of all assets traceable to the trust.  ECF No. 212 at

2  9; ECF No. 170.  Plaintiffs seek interest on the amount of $149,662.87 (the

3  deficiency amount following the sale of traceable assets) from the October 3, 2019

4  to December 2, 2021, the date of the Court's Order granting the deficiency

5  judgment.  ECF No. 212 at 9; ECF No. 207.  Using Plaintiffs' very conservative

6  approach, in total the Court finds Plaintiffs are entitled to $1,152,491.64 in

7  prejudgment interest.  *See* ECF No. 212 at 9 (calculations).

8  **II.    Motion to Dismiss**

9  Plaintiffs move to dismiss the remaining claims in this action.  ECF No. 211.

10 Defendants refuse to stipulate to a dismissal, but ask the Court to condition

11 dismissal "upon the release [of] liens improperly filed against Defendants'

12 properties and require Plaintiffs to present proof of the filing prior to granting the

13 present motion and prior of entry of a final judgment."  ECF No. 216 at 4.

14 Absent a stipulation at this stage, "an action may be dismissed at the

15 plaintiff's request only by court order, on terms that the court considers proper."

16 Fed. R. Civ. P. 41(a)(2).  "A district court should grant a motion for voluntary

17 dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some

18 plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.

19 2001).

20 The Court finds there is no plain legal prejudice to Defendants where there

ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS CERTAIN
CLAIMS AND FOR PREJUDGMENT INTEREST ~ 5

are no counterclaims and Defendants previously sought full dismissal of the claims in this case. The liens on the properties are not relevant to the claims before this Court, and there is no plain legal prejudice that will result from the dismissal of these remaining claims. The Court determines it is proper to dismiss the remaining claims as Plaintiffs have recovered most of what was owed to Plaintiffs as of September 2012 and a deficiency judgment for the remainder.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Dismiss Counts I-VIII of the First Amended Complaint (ECF No. 211) is **GRANTED**. Plaintiffs' remaining claims are **DISMISSED**.

2. Plaintiffs' Motion for Prejudgment Interest (ECF No. 212) is **GRANTED**. Plaintiffs are awarded $1,152,491.64 in prejudgment interest, payable by Defendants Rebecca Harris and Kristin Humphrey, jointly and severally.

3. Plaintiffs were previously awarded a deficiency judgment in the amount of $149,662.87 payable by Defendants Rebecca Harris and Kristin Humphrey, jointly and severally. ECF No. 207.

4. Upon entry of this final judgment, interest will accrue on Defendants' total unpaid balance at the statutory rate for federal judgments according to 28 U.S.C. § 1961 (0.8 % at this time).

The District Court Executive is directed to enter this Order and Final Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED February 9, 2022.



THOMAS O. RICE
United States District Judge